## Wojciech Stolarcz by Henry Pollenz, Appellee, v. Interstate Iron & Steel Company, Appellant.

### Gen. No. 22,814.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed June 11, 1917. Rehearing denied June 25, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Wojciech Stolarcz, a minor, twenty years of age, by Henry Pollenz, his next friend, plaintiff, against the Interstate Iron & Steel Company, a corporation, defendant, for personal injuries due to the explosion of hot iron slag which plaintiff was wheeling away from defendant's ore smelting furnaces in a wheelbarrow. From a verdict for plaintiff for $25,000, defendant appeals.

BENJAMIN B. MORRIS and AARON R. EPPSTEIN, for appellant.

DAVID K. TONE and FRANK A. ROCKHOLD, for appellee.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Stolarcz v. Interstate Iron & Steel Co., 207 Ill. App. 7.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. STATUTES, § 280*—*when unnecessary that foreign statute be read to jury.* A foreign statute of a State where a contract of employment is made relative to the defenses of assumed risk, etc., is admissible in an action by a servant for personal injuries for the guidance of the court, but it is unnecessary that it be read to the jury.

2. MASTER AND SERVANT, § 95*—*what law governs in action for personal injuries where contract made in foreign State.* The law of the State where a contract of employment is made governs as to the law of assumed risk, burden of proof, etc., in an action for personal injuries against a master by a servant.

3. MASTER AND SERVANT, § 629*—*when evidence of previous explosions is admissible in action for personal injuries.* In an action by a servant for damages for personal injuries due to the explosion of hot slag which plaintiff was hauling away from one of defendant's ore smelting furnaces in a wheelbarrow, evidence tending to prove that several months next preceding the time of the accident explosions had taken place in slag removed from cinder pots on defendant's premises under circumstances generally similar to the explosion in question, *held* admissible for the purpose of showing that defendant had, or in the exercise of reasonable care could have had, notice that slag, when insufficiently or improperly cooled, was apt to explode.

4. MASTER AND SERVANT, § 695*—*when evidence is sufficient to show that master in exercise of due care could have had notice of danger of work.* In an action by a servant for damages for personal injuries due to the explosion of hot slag which plaintiff was hauling away from one of defendant's ore smelting furnaces, evidence that six or more similar explosions had previously occurred, *held* sufficient to sustain a finding that defendant, in the exercise of due care, could have had notice of the dangers attending the work which plaintiff was directed to perform.

5. MASTER AND SERVANT, § 191*—*when duty incumbent on master to use reasonable care to warn servant.* Where a master has knowledge, or is charged with knowledge, of the fact that slag removed from ore smelting furnaces is liable to explode when improperly or insufficiently cooled, it becomes as a matter of law his duty to warn a servant, engaged at the task of removing slag from the furnaces in a wheelbarrow while it is yet hot, of the danger incident to the work.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. DAMAGES, § 188*—*when evidence sufficient to show that blindness is due to accident.* In an action by a servant for damages for injuries received due to the explosion of hot slag causing burns and the loss of his eyes, where it appeared that plaintiff, immediately following his injuries, went to a hospital and remained there three months, and there was no evidence that he did not receive competent treatment; that five months after the accident a physician found some suppuration in both eyes and cured them; that plaintiff's eyes were perfectly normal before the accident and he was practically blind thereafter, evidence *held* sufficient to show that plaintiff's blindness was caused by the explosion and that he had not been guilty of negligence in his efforts to be cured of his injuries.

7. MASTER AND SERVANT, § 802*—*when instruction on duty of employer to warn servant is erroneous.* The elimination of the portion of an instruction, in an action by a servant against a master for personal injuries, that it is not the duty of the employer to warn the servant of an open and obvious danger and of which he had as good an opportunity of knowing as the employer, is not error where there is no evidence that would warrant a finding that the employee had any knowledge of the danger of the explosion of hot slag while hauling it away from ore smelting furnaces in a wheelbarrow.

8. MASTER AND SERVANT, § 699*—*when evidence insufficient to show knowledge by employee of likelihood of hot iron slag exploding.* Evidence *held* insufficient to show that an employee, engaged at the tasks of hauling away from ore smelting furnaces hot iron slag in a wheelbarrow, had any knowledge that such slag was likely to explode.

9. MASTER AND SERVANT, § 804*—*when instruction that act of fellow-servant contributing to produce accident does not bar recovery is correct.* In an action by an employee for damages for personal injuries where the contract of employment was made in another State, in which the defense that the injuries were caused by the act of a fellow-servant was unavailable, an instruction that if the jury found from the evidence, under the instructions of the court, that defendant was guilty and that plaintiff had proved his case as laid in the declaration, although the act of a fellow-servant contributed to produce the accident, plaintiff could recover, *held* to be correct.

10. INSTRUCTIONS, § 25*—*when instruction referring to declaration is not erroneous.* In an action for damages for personal injuries, *held* that an instruction permitting recovery if plaintiff had proved his case as laid in the declaration was not erroneous,

although the declaration had originally consisted of three counts, two counts having been dismissed out of the case, as the word "declaration" must have referred to the count on which the case was tried.

11. DAMAGES, § 200*—*when instruction on is not erroneous.* In an action for damages for personal injuries, an instruction *held* not erroneous on the °ground that it informed the jury that damages might be allowed plaintiff "as the direct and proximate result of the accident in question, described in plaintiff's declaration," where the clause, when read with the balance of the instruction, informed the jury that the damages to be awarded were to be limited to the "physical injuries and physical suffering, if any, you find from the evidence the plaintiff has sustained as the direct and proximate result of the accident in question, described in plaintiff's declaration, in so far as said damages are charged against the defendant in the plaintiff's declaration and proved by a preponderance of the evidence in this case."

12. NEW TRIAL, § 69*—*when on ground of newly-discovered evidence is properly denied.* A new trial on the ground of newly-discovered evidence is properly denied where the affidavits therefor tending to show that plaintiff had sustained other injuries prior to the accident in question, would not have materially modified the verdict of the jury.

13. DAMAGES, § 145*—*when verdict for personal injuries not excessive.* A verdict for $25,000 damages for personal injuries to a boy twenty years of age, consisting of the loss of both eyes and other injuries due to burns caused by the explosion of hot slag, *held* not excessive where the earning capacity of plaintiff was practically destroyed and his past sufferings were great and would continue so.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.